SEND
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-6583 PA (PJWx) | Date | September 17, 2009 |
| Title | Systems Design Solutions, Inc. v. Watch Systems, LLC | | |

Present: The Honorable  PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

None                                                                  None

**Proceedings:**     IN CHAMBERS - COURT ORDER

    Before this Court is a Notice of Removal filed by defendant Watch Systems LLC ("Defendant") on September 10, 2009. Defendant asserts that jurisdiction exists based on diversity of citizenship. See 28 U.S.C. § 1332.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v.Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

    Accordingly, in attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes,"a corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated." Johnson v. Columbia Prop. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006)(citing 28 U.S.C. § 1332(c)(1)). "[A]n LLC is a citizen of every state of which its owners/members are citizens." Id.

    The Complaint alleges that Plaintiff Systems Design Solutions, Inc. is a California corporation with its principal place of business in California. (Compl. ¶ 4). The Complaint further alleges that Defendant is a Louisiana limited liability corporation with its principal place of business in Louisiana. However, neither the Complaint nor the Notice of Removal contains any further allegations as to the citizenship of the owners/members of Defendant. See Johnson v. Columbia Prop. Anchorage, 437 F.3d 894, 899 (9th Cir. 2006). For this reason, Defendant fails to establish that complete diversity exists.

SEND
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-6583 PA (PJWx) | Date | September 17, 2009 |
|---|---|---|---|
| Title | Systems Design Solutions, Inc. v. Watch Systems, LLC | | |

    Because neither the "four corners" of the Complaint nor the Notice of Removal contain sufficient allegations concerning citizenship, Defendant has not met its burden to establish this Court's jurisdiction. See Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). Accordingly this Court remands this action to Los Angeles County Superior Court, Case No. YC060466 for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

    IT IS SO ORDERED.